RECEIVED
IN LAKE CHARLES, LA
OCT 2 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| EVIA P. HODGE | : | DOCKET NO. 2:05 cv 707 |
| VS. | : | JUDGE MINALDI |
| JOHN E. POTTER, Postmaster General, United States Postal Service | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the court is defendant Postmaster John E. Potter's Counterclaim [doc. 3] against plaintiff Evia P. Hodge.

### BACKGROUND

This suit arises from complaints filed by Evia P. Hodge against the United States Postmaster for workplace discrimination and retaliation. Hearings were held by the Equal Employment Opportunity Commission (EEOC) on December 8 and 9, 2004.[1] On December 16, 2004, the administrative law judge rendered a decision in favor of complainant on her sexual harassment claim and awarded, among other relief, $40,000 in compensatory damages.[2] On March 2, 2005, the U.S. Postal Service issued a check in the full amount, payable to Hodge.[3] The funds were deposited by Hodge into her bank account on March 14.[4]

---

[1] Defendant's Exhibit 1, p. 3 (Bench Decision of ALJ Page).

[2] *Id.* at 19.

[3] Defendant's Exhibit 3.

[4] *Id.*

On April 21, 2005 plaintiff filed a civil action in this court seeking a trial de novo on the same sexual harassment and retaliation issues addressed by the EEOC. On September 20, 2006, the court granted the United States' motion for summary judgement on Hodge's Title VII claims.[5] The United States Postal Service therefore seeks the return of the $40,000 paid to Hodge in compliance with the EEOC's ruling.

## ANALYSIS

"If aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, a federal employee may file a civil action as provided in section 2000e-5 of this title." 42 U.S.C. § 2000e-16(c). The civil action referred to in this section is a de novo civil action. *Chandler v. Roudebush*, 425 U.S. 840, 863-64, 96 S.Ct. 1949, 1960-61 (1976). A trial de novo requires "an independent determination of the issues" and "accords no deference to any prior resolution of the same controversy." *U.S. v. Raddatz*, 447 U.S. 667, 690, 100 S.Ct. 2406, 2419-20 (1980). As such, the district court is empowered to consider issues of law and fact and order appropriate relief irrespective of prior administrative determinations.

In the instant case, the plaintiff concedes that she sought a trial de novo rather than, for example, a civil action for the enforcement of the EEOC's judgment.[6] The court undertook an independent review of the merits of Hodge's claim and, after careful consideration, granted summary judgment in favor of the defendant. Hodge is therefore not entitled to retain the $40,000 awarded by the EEOC, as this award represents compensatory damages for the very same claims raised in the district court action.

Accordingly, judgement will be rendered in favor of the defendant on defendant's

---

[5] September 20, 2006 Judgment [doc. 31].

[6] *See* Plaintiff's Reply to Counterclaim ¶ 6.

counterclaim.

Lake Charles, Louisiana, this \_\_\_24\_\_ day of October, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT